## 32722.   CREWS *v.* SAYRE.

Decided November 1, 1949.

336

*Edgar A. Neely Jr., Neely, Marshall & Greene,* for plaintiff in error.

*G. S. Peck,* contra.

FELTON, J. ■ The evidence on behalf of the plaintiff tended to show that the plaintiff was driving on Juniper Street at a speed of around seventeen miles per hour as he approached the intersection of Fifth and Juniper Streets; that he saw the lights of the defendant's car as it approached the intersection from Fifth Street on his left; that he knew there was a stop sign on Fifth Street at that point; that he assumed that the defendant would stop at the intersection; that he looked in the opposite direction to see if the way was clear; that the defendant did not stop for the intersection; that the plaintiff could not avoid striking the defendant's car after he saw it in the middle of the intersection; that the night was clear and not foggy. The evidence in behalf of the defendant tended to show that it was very foggy at the time of the collision; that the defendant stopped for said intersection in observance of the stop sign; that he looked to his right and left before proceeding into the intersection; that the way was clear when he started across the intersection; that he shifted the car into low gear after stopping and then into second and before shifting into high and when two-thirds the way across the intersection the plaintiff's car appeared out of the fog and hit the defendant's car amidship; that at the time of the collision the defendant was not traveling over fifteen miles per hour. The evidence of the defendant was in direct conflict with that of the plaintiff. The case is clearly one of fact for a jury or for the judge sitting as a trior of fact without the intervention of a jury. The testimony of the plaintiff was not so self-contradictory, vague or equivocal that it should as a matter of law be disregarded.

■ The defendant contends that the verdict of $500 for the plaintiff was excessive and that a new trial was demanded on this ground. S. E. Kirby, in behalf of the plaintiff, testified on direct examination that he was an automobile mechanic with ten years' experience; that during that time he had bought and sold cars; that he was familiar with the plaintiff's car; that before the collision the plaintiff's car had a market value of from $600 to $800; that immediately after the collision the market value of the plaintiff's car was $150 as junk *at top price*. On cross-examination Kirby testified that the market value of the plaintiff's car immediately before the collision was $600. This testimony was not rebutted.

The court was authorized from the evidence to find for the plaintiff the sum of $500.

The defendant-in-error's motion for damages for frivolous appeal is denied.

The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Sutton, C. J., and Worrill, J., concur.*